JUSTICE *v.* PRESCOTT.

J. R. JUSTICE, ADMINISTRATOR OF THE ESTATE OF JOHN KENNETH
JUSTICE v. JOHN L. PRESCOTT AND WIFE, LUCILLE H. PRESCOTT.

(Filed 27 February 1963.)

Negligence § 37b—

Evidence that the body of a nine year old boy was taken from waist-deep water at a public swimming pool, that artificial respiration was unsuccessful and produced no appreciable amount of water from the body, that a lifeguard was within less than 30 feet from the place the body was found and other bathers were nearby, without evidence of any outcry by the boy, *held* insufficient to overrule nonsuit, the cause of the death being left in conjecture.

APPEAL by plaintiff from *Huskins, J.,* August, 1962 Term, HENDERSON Superior Court.

Civil action to recover damages for the alleged wrongful death of plaintiff's intestate.

The plaintiff offered evidence tending to show that his son, John Kenneth Justice, age 9, and a companion, James Edward Bane, of approximately the same age, both of whom were good swimmers, paid the required fee for admission to Laural Park Bathing Beach operated by the defendants in Henderson County. At about 3:30 in the afternoon of June 18, 1960, young Justice and Bane entered the swimming area covering about one-quarter acre at a time when 25 to 30 other bathers were in the water.

After remaining in the water for some time, young Bane left his companion, went to the bath house for a cold drink. As he returned after ten or fifteen minutes, he saw a young man lift John Kenneth's body from the water.

The rescue squad and participating doctors administered artificial respiration which proved unsuccessful. There were no marks on the body and nothing to indicate the cause of death other than the presence of the body in the shallow water. The efforts attending the artificial respiration produced no significant amount of water from the body. There was no evidence of any outcry or struggle, although other bathers were within a few feet of the place where the body was recovered. Two life guards were on duty within 30 feet.

At the close of the plaintiff's evidence, the court entered judgment of compulsory nonsuit from which the plaintiff appealed.

*M. F. Toms, Arthur J. Redden for plaintiff appellant.*
*Redden, Redden & Redden for defendant, appellees.*

PER CURIAM. The evidence disclosed that two life guards were on duty at the time the boy's body was removed from the water. One was stationed within less than 30 feet of the spot. Twenty-five to thirty other bathers were within the one-quarter acre which constituted the swimming area. No one heard or observed any signal of distress. The water was only up to the boy's waist. What caused his death — whether strangulation, apoplexy, heart attack, or otherwise — is left to conjecture. Evidence of actionable negligence is lacking.

The judgment of nonsuit for failure of proof is

Affirmed.