WILLIE M. BELL, ADMINISTRATOR OF THE ESTATE OF RICHARD BELL, DECEASED, v. WILLIAM H. PAGE

No. 68SC210

(Filed 14 August 1968)

**1. Negligence § 51—  condition or use of land — swimming pools — children — instructions**

In an action by plaintiff administrator to recover damages for the drowning of his nine-year-old intestate in an unenclosed swimming pool owned by defendant, an instruction that a municipal ordinance requires the owners of commercial swimming pools (1) to have at least one employee on duty 24 hours a day, whose duty it would be, among other

things, to watch the pool and (2) to locate the principal work of this employee where he could see the entire pool, and that the issue of defendant's negligence should be answered in the negative if the defendant made such provision in compliance with the ordinance and if such provision was in effect on the day of the drowning, *is held* without error.

**2. Negligence § 5— dangerous instrumentalities — unenclosed pool**

It is not an act of negligence for a person to maintain an unenclosed pond or pool on his premises.

**3. Statutes § 5— rule of construction — common law**

Statute in derogation of the common law must be strictly construed.

**4. Municipal Corporations §§ 8, 29— construction of ordinances — common law**

Ordinances which are in derogation of the common law, or which are restrictive of rights of owners of private property, are subject to the rule of strict construction.

**5. Negligence § 51— unenclosed pool — violation of ordinance — motion to set aside verdict**

In an action by plaintiff administrator to recover damages for the drowning of his nine-year-old son in defendant's unenclosed swimming pool, the defendant being liable, if at all, under a municipal ordinance requiring him to have at least one employee on duty 24 hours a day and whose duties must include the watching of the pool, there is no error in the refusal of the trial judge to set aside a verdict in the defendant's favor as being against the greater weight of the evidence, where there is evidence tending to show that (1) the defendant provided at least one employee on duty 24 hours a day whose duties included the watching of the pool, (2) the principal work of the employee enabled him to see clearly the entire pool, (3) there was an employee on duty on the date of the drowning, (4) and that the drowning of plaintiff's intestate occurred during the middle of the day while the employee was away from the premises approximately ten minutes to see about a tire for a lawnmower.

**6. Trial § 51— motion to set aside verdict — review of court's discretion**

A motion to set aside the verdict as being against the greater weight of the evidence is directed to the sound discretion of the presiding judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal.

APPEAL by plaintiff from *Cohoon, J.,* February 1968 Session BEAUFORT Superior Court.

This civil action was instituted by plaintiff, as administrator of his 9-year-old son, to recover damages on account of intestate's death by drowning on 7 July 1965 in a swimming pool owned by defendant.

On said date, and prior thereto, defendant owned and operated a motel business in the city of Washington, North Carolina; he maintained a swimming pool on the motel premises.

In his complaint, plaintiff alleges that intestate's death was proximately caused by the negligence of the defendant and particularly alleges the following acts or omissions of negligence:

(1) That defendant maintained a swimming pool on his premises without any fence, rails, gate, guards, or enclosure of any kind around said pool with the result that said pool was inherently dangerous and particularly attractive to minor children.

(2) That defendant failed to exercise due care in the maintenance of said swimming pool by failing to enclose the same with a fence for the protection of minor children.

(3) That on said date, defendant maintained the swimming pool in violation of Article VIII, Section 3, Subsection (g) of the Ordinances of the City of Washington, N. C.

The city ordinance pled by plaintiff provides as follows:

"(g) All swimming pools to be constructed or which are already constructed shall be enclosed by a fence which shall be at least four (4) feet in height and which shall be of a type not readily climbed by children.

"The gates shall be of a self-closing and latching type with the latch on the inside of the gate, not readily available for children to open. Provided, however, that if the entire premises of the residence is enclosed, then this provision may be waived by the Building Inspector upon inspection and approval of the residence enclosure. Provided that this section shall not apply to Commercial Swimming Pools operated under the following conditions:

"1. That the owner or operator of a commercial swimming pool has at least one employee on duty 24 hours a day, whose duty it will be, among other things, to watch the pool.

"2. That the principal work of this employee be located where he can clearly see the entire pool.

"3. That the pool area be sufficiently lighted to enable the employee on duty to see anyone in the immediate area."

In his answer, defendant denied all of plaintiff's essential allegations and pleaded conditionally the contributory negligence of plaintiff's intestate as a bar to plaintiff's action.

Issues of negligence, contributory negligence, and damages were submitted to the jury who answered the issue of negligence in favor of defendant, and from judgment entered thereon, plaintiff appealed.

*Leroy Scott, Attorney for plaintiff appellant.*

*Rodman & Rodman by Edward N. Rodman, Attorneys for defendant appellee.*

BRITT, J.

This action was previously heard at the May 1967 Session of Beaufort Superior Court. From judgment of involuntary nonsuit entered at the close of all the evidence, plaintiff appealed to the Supreme Court of North Carolina. The judgment was reversed and the opinion, by Bobbitt, J., is found in 271 N.C. 396, 156 S.E. 2d 711.

The opinion had the effect of eliminating plaintiff's first and second allegations of negligence above set forth. As to plaintiff's third allegation, we quote from the opinion as follows:

"Upon the present record, whether the court erred in entering judgment of involuntary nonsuit depends upon whether the evidence, when considered in the light most favorable to plaintiff, was sufficient to permit and support a finding that the violation by defendant of said ordinance proximately caused Richard's death.

"All the evidence tends to show defendant's swimming pool was not enclosed by a fence of any kind. Defendant was maintaining said swimming pool in violation of the ordinance unless it was 'a commercial swimming pool' within the meaning of the ordinance *and* unless defendant (1) had at least one employee on duty twenty-four hours a day, whose duty it was, among other things, to watch the pool, and (2) the principal work of this employee was located where he could clearly see the entire pool. Since it was available for use by all persons who became patrons of the motel, we are in accord with the views expressed by counsel for both plaintiff and defendant that defendant's pool must be considered 'a commercial swimming pool' within the meaning of said ordinance. Hence, *whether the maintenance by defendant of an unenclosed commercial swimming pool constituted a violation of the ordinance depends upon whether defendent complied with the two conditions stated above.*" (Emphasis added).

Elsewhere in the opinion, we find the following statement: "The

gravamen of the complaint and of plaintiff's evidence is that defendant had *no* employee whose duty it was to keep watch at the pool, as distinguished from negligence on the part of such employee."

The complaint was not amended. In the second trial, counsel for plaintiff and defendant seriously disagreed as to the legal theory on which the case should be tried in view of the Supreme Court opinion aforesaid; their disagreement continued in their briefs filed and arguments made in this Court. Basically, their disagreement relates to an interpretation of the city ordinance above quoted. Plaintiff insists on a liberal construction while defendant insists on a strict construction.

Plaintiff's counsel contends that the ordinance is a safety ordinance, and should be construed to mean that defendant was under obligation to provide an employee to watch the pool 24 hours a day and to protect and guard children from the dangers of the pool; in his brief, he states "the plaintiff presented this case on the theory that a failure to guard the pool even for a moment was a violation of the city ordinance which was passed for the safety of children of tender age . . . (and) . . . if the person designated to guard the pool did not actually guard the pool, then the defendant was negligent."

[1]    The trial court adopted defendant's theory of the case which is illustrated in the following portion of His Honor's charge to the jury and which was excepted to by the plaintiff:

> "The Washington City Ordinance in this case applying to commercial swimming pools provided and required the owner and operator, that is the defendant Page in this case, to do those things as applicable to this case. First, to have at least one employee on duty 24 hours a day, whose duty it would be, among other things, to watch the pool, and, secondly, that the principal work of this employee be located where he could see the entire pool.
>
> *          *          *
>
> "Now, if the defendant Page made provision for these services and complied with this duty as to these ordinance requirements and that such were in effect on the day in question, that is July 7, 1965, he would not be negligent nor in violation of the ordinance and the defendant would be entitled to have you answer the first issue No."

Most of plaintiff's assignments of error relate to the admission and exclusion of evidence in accordance with defendant's theory of the trial, and portions of His Honor's charge pursuant to said theory.

We hold that His Honor properly followed the law in this case as declared in the Supreme Court opinion. We hold that his charge to the jury was free from prejudicial error.

[2]    As was said by Bobbitt, J., in the former appeal of this action, "A person has the right to maintain an unenclosed pond or pool on his premises. It is not an act of negligence to do so." *Lovin v. Hamlet,* 243 N.C. 399, 90 S.E. 2d 760. This is a part of the common law of North Carolina.

[3, 4]    Statutes in derogation of the common law must be strictly construed. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925. *McKinney v. Deneen,* 231 N.C. 540, 58 S.E. 2d 107. Ordinances which are in derogation of the common law, or which are restrictive of rights of owners of private property, have been held to be subject to the rule of strict construction. 37 Am. Jur., Municipal Corporations, § 189, p. 829.

[5]    Considerable evidence was introduced in the trial of this action to the effect that defendant provided at least one employee on duty 24 hours a day, whose duty it was, among other things, to watch the pool, and the principal work of such employee was located where he could clearly see the entire pool. Intestate's tragic death occurred around the middle of the day. The evidence disclosed that the witness Johnny Ray Smith was employed by defendant on the day of the tragedy as a maintenance man, charged with the responsibility of maintaining the motel yard and pool and watching the pool; that he had gone across the road to a filling station to see about a tire for a lawnmower when the drowning occurred, and that he was away from the premises approximately ten minutes.

[5, 6]    Plaintiff assigns as error the refusal of the trial judge to set aside the verdict as being against the greater weight of the evidence. It is well established that this motion was directed to the sound discretion of the presiding judge, whose ruling, in the absence of abuse of discretion, is not reviewable on appeal. *Frye & Sons, Inc. v. Francis,* 242 N.C. 107, 86 S.E. 2d 790. No abuse of discretion appears in this case.

We have carefully considered each of plaintiff's other assignments of error and find them without merit. Plaintiff's action was properly tried according to applicable principles of law, free from prejudicial error.

The judgment of the Superior Court is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.