TOWN OF HILLSBOROUGH, a MUNICIPAL CORPORATION v. CLARENCE DUPREE SMITH AND WIFE, MAE L. SMITH

No. 7015SC452

(Filed 16 December 1970)

1. **Municipal Corporations § 12; State § 4— governmental immunity**

   Except where waived under authority of statute, the common law rule of governmental immunity is still the law in this State.

2. **Municipal Corporations § 30— enactment and enforcement of zoning regulations — police power**

   In enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State.

3. **Municipal Corporations § 12— waiver of governmental immunity**

   A municipal corporation may not waive or contract its governmental immunity in the absence of legislative authority for such action.

4. **Municipal Corporations §§ 12, 30— action to restrain violation of zoning ordinance — waiver of governmental immunity**

   While G.S. 160-179 authorizes a municipality to institute an action to restrain a violation of its zoning ordinances, the statute does not authorize or require the municipality to waive its governmental immunity by so doing.

5. **Municipal Corporations §§ 12, 41— waiver of governmental immunity — institution of civil action**

   A municipality does not waive its governmental immunity by the mere act of instituting a civil action.

6. **Injunctions § 16; Municipal Corporations §§ 13, 30; Principal and Surety § 11— bond given by town for wrongful injunction — governmental immunity — liability of town — liability of surety**

   Execution of a bond by a municipality to obtain under [former] G.S. 1-496 the issuance of a temporary injunction preventing an alleged violation of its zoning ordinance by defendants was an *ultra vires* attempt by the municipality to waive its governmental immunity, and the municipality is not liable on the bond for damages suffered by defendants as a result of being wrongfully enjoined; however, the surety on the bond is not protected by governmental immunity and is liable on the bond for such damages.

APPEAL by defendant from *Braswell, Judge of the Superior Court,* 30 March 1970 Session, ORANGE Superior Court.

Plaintiff obtained a temporary restraining order on 11 July 1968, which was continued in force to the time of a trial on the merits; the order restrained defendants from using their property as planned by defendants because their planned use allegedly violated plaintiff's zoning ordinance. Upon trial on the merits it was determined that the restraining order should be vacated but under the authority of G.S. 1-500 it was continued in effect pending appeal to the appellate division. The Supreme Court of North Carolina affirmed the judgment of the trial court, holding that the plaintiff was not entitled to restrain defendants. *Town of Hillsborough v. Smith,* 276 N.C. 48, 170 S.E. 2d 904. The background facts of the case are fully set forth therein.

Thereafter defendants, on 13 March 1970, filed a motion in the cause seeking an assessment of damages against plaintiff and its surety on the bond which had been posted to obtain issuance of the restraining order. The motion was heard by Judge Braswell, who made findings of fact and conclusions of law as follows:

"That the plaintiff is a municipal corporation; that the original action was commenced to restrain the defendants from performing acts which the plaintiff alleged were in violation of a municipal ordinance, and it further appearing that pursuant to N. C. General Statutes Chapter 1, Article 37, the plaintiff obtained a temporary restraining order, which upon hearing was continued until the final hearing on the merits and subsequently was continued until the final disposition of the case on appeal. That the Town of Hillsborough executed written undertakings with Fidelity & Deposit Company of Maryland as sureties in the sum of $20,000 conditioned upon the Town of Hillsborough paying to the defendants such damages as they might sustain by reason of said injunction if the Court should finally declare that the plaintiff was not entitled thereto. That the North Carolina Supreme Court declared that the plaintiff was not entitled to said injunction and ordered the same dissolved.

"Upon the foregoing findings of fact the Court concludes as a matter of law that the plaintiff, Town of Hillsborough, being a municipal corporation, has governmental

immunity; that the acts of the Town of Hillsborough in obtaining said injunction were in the exercise of the Town's governmental functions; that the execution of any and all surety bonds by the Town of Hillsborough in connection with obtaining any temporary restraining order or injunction did not operate as a waiver of such governmental immunity and did not operate to contract away said governmental immunity; that the execution of said bonds by the Town of Hillsborough was an ULTRA VIRES act; that there is no statutory authority which would authorize the Town to waive or contract away its governmental immunity and in the absence of such authority the municipality could not expressly contract away or waive its governmental immunity; that if the municipality is without authority to expressly ,waive or contract away its governmental immunity it may not do so by implication and has not done so; that the Town of Hillsborough is not liable on said bonds; that Fidelity & Deposit Company of Maryland is not liable on said bonds since its only liability would be derived from liability of the principal on said bond."

Judge Braswell thereafter denied and dismissed defendants' motion. Defendants appealed assigning as error the signing and entry of Judge Braswell's Order.

*Graham & Cheshire, by Lucius M. Cheshire, for plaintiff-appellee.*

*Alonzo Brown Coleman, Jr., for defendants-appellants.*

*Smith, Moore, Smith, Schell & Hunter, by Larry B. Sitton, for Fidelity & Deposit Company of Maryland, surety on plaintiff's bond.*

BROCK, Judge.

[1] "Prior to the legislative enactment on 14 April 1951 of Chapter 1015 of the Session Laws of 1951, now codified as G.S. 160-191.1 to 160-191.5, the common law rule of governmental immunity prevailed in North Carolina. *Millar v. Wilson,* 222 N.C. 340, 23 S.E. 2d 42. Under this common law rule a municipality is not liable for the torts of its employees or agents committed while performing a governmental function." *Galligan v. Town of Chapel Hill,* 276 N.C. 172, 171 S.E. 2d 427. Except where waived under authority of statute the common law rule of governmental immunity is still the law in North Carolina.

*Galligan v. Town of Chapel Hill, supra; Stephenson v. Raleigh,* 232 N.C. 42, 59 S.E. 2d 195.

[2]  "In enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State." *Taylor v. Bowen,* 272 N.C. 726, 158 S.E. 2d 837. See also 5 Strong, N. C. Index 2nd, Municipal Corporations, § 12, p. 633.

G.S. 1-496 and G.S. 1-497 were repealed effective 1 January 1970, at which time G.S. 1A-1, Rule 65 became effective. Therefore at the time plaintiff instituted this action and at the time the opinion of the Supreme Court of North Carolina was filed in this action on 10 December 1969, G.S. 1-496 and G.S. 1-497 were in effect.

Defendants strenuously argue that because the legislature did not exempt municipalities from the necessity of posting bond in accordance with G.S. 1-496, it follows that posting bond as required by statute constitutes an authorized waiver of governmental immunity. Defendants contend that their argument is strengthened by the provisions of the new G.S. 1A-1, Rule 65; it is their contention that under Rule 65 the State or one of its political subdivisions will waive its governmental immunity by seeking an injunction. It is unnecessary for us to interpret G.S. 1A-1, Rule 65 at this time; suffice to say, we find therein no expression of *past* legislative intent.

[3-5]  A municipal corporation may not waive or contract away its governmental immunity in the absence of legislative authority for such action. *Galligan v. Town of Chapel Hill, supra.* G.S. 160-179 authorizes a municipality to institute an action to restrain a violation of its zoning ordinances, *Gastonia v. Parrish,* 271 N.C. 527, 157 S.E. 2d 154; but this statute does not authorize or require the municipality to waive its governmental immunity. And a municipality does not waive that immunity by the mere act of instituting a civil action. *Graded School v. McDowell,* 157 N.C. 316, 72 S.E. 1083; *Battle v. Thompson,* 65 N.C. 406. We think the language used in *Hollifield v. Keller,* 238 S.C. 584, 121 S.E. 2d 213, is appropriate here:

> "As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted

tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered, except in deference to plain, positive legislative declarations to that effect."

"Our legislative history amply shows that the General Assembly has been fully cognizant of this sound principle of law. It has in several instances by express enactment prescribed the cases in which actions are allowed against counties, cities, towns and the State Highway Department. And in those enabling statutes the Legislature has invariably set forth with care and precision the terms and conditions upon which suit may be brought."

[6] Thus, the act of the Town of Hillsborough in posting the bond was an unauthorized attempt to waive its governmental immunity, and, as such, was *ultra vires*. Because the act was *ultra vires* it follows that immunity was not waived, and the Town of Hillsborough has no liability to defendant.

It does not follow, however, that the surety on the bond is also protected by governmental immunity. A surety for an idiot or an infant, or a surety for a corporation or governmental entity acting *ultra vires*, may be liable, although the principal is liable neither to the obligee nor to the surety. *Davis v. Commissioners,* 72 N.C. 441; *Poindexter v. Davis,* 67 N.C. 112.

We discern no basis in law, nor in public policy, for relieving the surety of its obligation, voluntarily undertaken for a premium, by extending to it vicarious protection of sovereign immunity.

We affirm so much of the judgment of the trial court as holds the Town of Hillsborough not liable to defendant by reason of governmental immunity. However, we reverse so much of the judgment of the trial court as holds the surety (Fidelity and Deposit Company of Maryland) not liable to defendant on the bond. As to the surety (Fidelity and Deposit Company of Maryland) this cause is remanded to the Superior Court of Orange County for an appropriate hearing upon the question of damages. Originally this hearing would have been conducted in accordance with G.S. 1-497; but, since the Rules of Civil Procedure became effective 1 January 1970, the hearing will be conducted in accordance with G.S. 1A-1, Rule 65(e).

Affirmed, as to the Town of Hillsborough.

Reversed and remanded, as to the Fidelity and Deposit Company of Maryland.

Judges MORRIS and GRAHAM concur.