ORANGE COUNTY, A MUNICIPAL CORPORATION v. FORREST T. HEATH
AND WIFE, NANCY B. HEATH

No. 7215SC93

(Filed 29 March 1972)

1. Municipal Corporations § 12; State § 4— governmental immunity
      Except where waived under authority of statute, the common law rule of governmental immunity is still the law in this State.

2. Municipal Corporations § 30— enactment and enforcement of zoning regulations — police power
      In enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State.

3. Municipal Corporations § 12; Injunctions § 16— damages for wrongful injunction — governmental immunity
      A municipal corporation's governmental immunity against a claim for damages by a party wrongfully restrained or enjoined by the municipal corporation was not abrogated by the enactment of Rule of Civil Procedure 65(c), providing that no security for pay-

---

**Orange County v. Heath**

---

ment of damages for wrongfully obtaining an injunction shall be required of the State or its political subdivisions, but that "damages may be awarded against such party in accord with this rule."

**4. Eminent Domain § 2; Injunctions § 4; Municipal Corporations § 30— wrongful injunction — void zoning ordinance — "taking" of property**

Action of county commissioners in obtaining an order restraining defendants from using their property for a mobile home park in violation of a zoning ordinance thereafter determined to be void because it was adopted without public notice and hearing *is held* not to constitute an unlawful interference with defendants' use of their property or arbitrary and unreasonable conduct amounting to a "taking" of the property for which defendants are entitled to compensation.

**5. Municipal Corporations § 30— power to rezone**

A municipal legislative body has authority to rezone property when reasonably necessary to do so in the interests of public health, safety, morals or welfare, the only limitation being that it may not be exercised arbitrarily or capriciously.

APPEAL by defendants from *Hobgood, Judge,* 20 September 1971 Civil Session of ORANGE Superior Court.

Plaintiff instituted this action for the purpose of having defendants restrained and enjoined from developing a parcel of land in Chapel Hill Township as a mobile home park, contending that such use was in violation of a county zoning ordinance. On 21 July 1970 a temporary restraining order was entered and following a hearing the temporary order was continued until the final hearing on the merits. At the 18 November 1970 Session of Orange Superior Court, after a hearing on the merits, the temporary order was dissolved and plaintiff appealed. On 12 May 1971 the Supreme Court affirmed the order dissolving the restraining order, the court's opinion being reported in 278 N.C. 688, 180 S.E. 2d 810. Plaintiff filed no written undertakings.

On 18 August 1971, pursuant to G.S. 1A-1, Rule 65, defendants filed a motion in the cause reciting the facts above stated, alleging that they had suffered $20,000 damages by reason of the restraining order, and asking the court to ascertain and determine the amount of damages they are entitled to recover of plaintiff. Following a hearing on the motion, the court concluded as a matter of law that plaintiff being a municipal corporation with governmental immunity and the obtaining of the restraining order being in the exercise of plaintiff's governmental functions, plaintiff is not liable to defendants for dam-

ages. From an order dismissing their motion, defendants appealed.

*Graham & Cheshire by Lucius M. Cheshire for plaintiff appellee.*

*Winston, Coleman & Bernholz by Alonzo Brown Coleman, Jr., for defendants appellants.*

BRITT, Judge.

[1, 2]  It appears to be well settled law in this State that except where waived under authority of statute, the common law rule of governmental immunity is still the law in North Carolina; and that in enacting and enforcing zoning regulations, a municipality acts as a governmental agency and exercises the police power of the State. *Town of Hillsborough v. Smith,* 10 N.C. App. 70, 178 S.E. 2d 18 (1970) and cases therein cited, cert. den. 2 February 1971, 277 N.C. 727, 178 S.E. 2d 831.

[3]  But defendants contend that by the enactment of G.S. 1A-1, Rule 65(c) the General Assembly abrogated the common law rule aforesaid where a municipality obtains a restraining order or injunction. Rule 65(c) provides in pertinent part as follows:

> "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the judge deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained. No such security shall be required of the State of North Carolina or of any county or municipality thereof, or any officer or agency thereof acting in an official capacity, *but damages may be awarded against such party in accord with this rule.*" (Emphasis added.)

The question presented by this contention is: Was substantive law changed by a procedural statute? We hold that it was not. There can be no doubt that G.S. 1A-1, Rule 65(c) is a procedural statute. The Rules of Civil Procedure were enacted by Chapter 954 of the 1967 Session Laws. The act is entitled "AN ACT TO AMEND THE LAWS RELATING TO CIVIL PROCEDURE." Section 1, in pertinent part states: "The Rules of Civil Procedure are as follows:"

Article IV, § 13(2) of the Constitution of North Carolina provides in part as follows: "The Supreme Court shall have exclusive authority to make rules of procedure and practice for the Appellate Division. The General Assembly may make rules of procedure and practice for the Superior Court and District Court Divisions, and the General Assembly may delegate this authority to the Supreme Court. *No rule of procedure or practice shall abridge substantive rights* or abrogate or limit the right of trial by jury." (Emphasis ours.)

In *Town of Hillsborough v. Smith, supra,* this court, quoting from a case from a sister jurisdiction, said: " 'As we understand the rule relating to the immunities attaching to sovereignty, such attributes are never to be considered as waived or surrendered by any inference or implication. The surrender of an attribute of sovereignty being so much at variance with the commonly accepted tenets of government, so much at variance with sound public policy and public welfare, the Courts will never say that it has been abrogated, abridged, or surrendered except in deference to plain, positive legislative declarations to that effect.' " Furthermore, it is well settled in this jurisdiction that a statute, in derogation of the common law is to be construed strictly. *Ellington v. Bradford,* 242 N.C. 159, 86 S.E. 2d 925 (1955); *Bell v. Page,* 2 N.C. App. 132, 162 S.E. 2d 693 (1968).

We think our negative answer to the question posed is fully supported by the basic law of our State.

[4] Defendants also contend that there has been an unlawful interference with the use and enjoyment of their property to such an extent as to amount to a "taking" of the property. We find no merit in this contention. In 16 Am. Jur. 2d, Constitutional Law, § 301, p. 590, we find: "The fact that police laws and regulations prevent the enjoyment of certain individual rights in property without providing compensation therefor does not necessarily render them unconstitutional as violating the due process clause or as appropriating private property for public use without compensation . . . . If he (the owner) suffers injury, it is either damnum absque injuria, or, in the theory of the law, he is compensated for it by sharing in the general benefits which the regulations are intended and calculated to secure."

In *State v. Lawing,* 164 N.C. 492, 80 S.E. 69 (1913), the court held that restricting, by exercise of police power, the use of private property to protect the community, is in no sense a taking of such property for public use. See also *McKinney v. Deneen,* 231 N.C. 540, 58 S.E. 2d 107 (1950). In *Horton v. Gulledge,* 277 N.C. 353, 177 S.E. 2d 885 (1970), the court held that the police power of the State, which may be delegated to munincipal corporations, extends to the prohibition of a use of private property which may reasonably be deemed to threaten the public health, safety, morals, or the general welfare; and, when necessary to safeguard such public interest it may be exercised without payment of compensation to the owner, even though the property is thereby rendered substantially worthless.

[4, 5]  Defendants contend that in this case there was arbitrary and unreasonable conduct on the part of the Orange County Commissioners. Absent a showing of ulterior motive or capriciousness, the burden of proof resting on the one asserting such capriciousness, this contention fails. We hold that defendants have failed to carry their burden of proof. Absent such a showing it is presumed that the Orange County Commissioners were acting in the proper exercise of the police power. *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870 (1957). A municipal legislative body has authority to rezone property when reasonably necessary to do so in the interests of the public health, safety, morals or welfare, the only limitation upon this authority ordinarily being that it may not be exercised arbitrarily or capriously. *Allred v. City of Raleigh,* 277 N.C. 530, 178 S.E. 2d 432 (1971). The fact standing alone that the ordinance supporting the injunction was void due to a statutory procedural requirement of notice, is not sufficient to infer arbitrariness and capriciousness which would convert the exercise of police power into a taking for which the owner is entitled to compensation. The effect of permitting such an inference could subject a municipal corporation to liability in every instance where a zoning ordinance is ultimately determined to be incorrectly enacted.

For the reasons stated, the order appealed from is

Affirmed.

Judges CAMPBELL and GRAHAM concur.