JAMES GRAHAM SASSER, BY HIS GUARDIAN AD LITEM, LESLIE DELEON SASSER, SR. v. SAM BECK AND WIFE, MRS. SAM BECK, T/A THE PRINCESS MOTEL

No. 8230SC1154

(Filed 15 November 1983)

**Negligence § 57.9— injuries at motel swimming pool—insufficient evidence of negligence of owners**

The minor plaintiff's evidence was insufficient to show that injuries he received at a motel swimming pool were caused by the negligence of defendant motel owners where plaintiff presented evidence only that he was a guest at the motel; a fence partially enclosed the pool and a sign thereon warned that no lifeguard was on duty and bathers swam at their own risk; plaintiff's grandfather took him and his brother to the pool and returned to the motel room; several minutes later the grandparents discovered plaintiff lying on the bottom of the pool; and motel employees rescued plaintiff but he suffered permanent injuries.

APPEAL by plaintiff from *Lamm, Judge.* Judgment entered 25 May 1982 in JACKSON County Superior Court. Heard in the Court of Appeals 26 September 1983.

Plaintiff, age seven, was, together with his grandparents, a guest at defendants' motel. A fence partially enclosed the motel swimming pool, and a sign thereon warned that no lifeguard was on duty and bathers swam at their own risk.

Plaintiff's grandfather took him and his eleven-year-old brother to the pool and returned to his motel room. Several minutes later the grandparents discovered plaintiff lying on the bottom of the pool. Motel employees rescued plaintiff, but he suffered serious permanent injury.

This Court resolved questions of jurisdiction in *Sasser v. Beck,* 40 N.C. App. 668, 253 S.E. 2d 577, *disc. rev. denied,* 298 N.C. 300, 259 S.E. 2d 915 (1979). At a trial limited to the issue of defendants' negligence, the court entered a directed verdict for defendants at the close of plaintiff's evidence.

Plaintiff appeals.

*Duke and Brown, by John E. Duke, and Hulse and Hulse, by Herbert B. Hulse, for plaintiff appellant.*

*Herbert L. Hyde and Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Samuel G. Thompson and Robin K. Vinson, for defendant appellees.*

WHICHARD, Judge.

To overcome the motion for directed verdict plaintiff was "required to offer evidence sufficient to establish, beyond mere speculation or conjecture, every essential element of negligence." *Oliver v. Royall,* 36 N.C. App. 239, 242, 243 S.E. 2d 436, 439 (1978). The basic elements of negligence are a duty owed by defendants to plaintiff and nonperformance of that duty, proximately causing injury and damage. *See Spake v. Pearlman,* 222 N.C. 62, 65, 21 S.E. 2d 881, 883 (1942); W. Prosser, Law of Torts § 30, at 143 (4th ed. 1971).

The parties stipulated that plaintiff suffered injuries, but on the evidence presented the jury could only speculate as to their cause. *See Justice v. Prescott,* 258 N.C. 781, 129 S.E. 2d 479 (1963); *Hahn v. Perkins,* 228 N.C. 727, 46 S.E. 2d 854 (1948); *Adams v. Enka Corp.,* 202 N.C. 767, 164 S.E. 367 (1932). Plaintiff offered no evidence showing that he sustained his injuries by reason of some defect in the pool, that additional safety precautions would have prevented the injuries, or that their absence proximately caused the accident. *See Adams v. Enka Corp., supra.* He presented no evidence that additional safety measures were re-

quired by statute or ordinance. *See Bell v. Page*, 2 N.C. App. 132, 162 S.E. 2d 693 (1968). He presented no medical evidence concerning the cause of his injuries.

The record indicates that plaintiff's brother accompanied him and apparently remained at the pool through the brief period preceding the discovery of plaintiff at the bottom of the pool. The brother did not testify, however.

In sum, "[e]vidence of actionable negligence is lacking." *Justice, supra*, 258 N.C. at 782, 129 S.E. 2d at 480. The evidence shows that an unfortunate injury occurred, but leaves to pure speculation the question of the cause. Under these circumstances, pursuant to prior decisions of our appellate courts, a directed verdict for defendants was appropriate. *Justice v. Prescott, supra; Hahn v. Perkins, supra; Adams v. Enka Corp., supra, Oliver v. Royall, supra; cf. Corda v. Brook Valley Enterprises, Inc.*, 63 N.C. App. 653, 306 S.E. 2d 173 (1983) (directed verdict in swimming pool death case reversed where plaintiff presented expert safety evidence, expert medical evidence on causation, and medical reports).

Affirmed.

Chief Judge VAUGHN and Judge PHILLIPS concur.