GEORGE PRINCE, ADMINISTRATOR OF THE ESTATE OF DANIEL KEITH PRINCE, DECEASED v. MALLARD LAKES ASSOCIATION

No. 8521SC1340

(Filed 5 August 1986)

Negligence § 53.5— drowning in lake—employment of lifeguard—insufficient evidence of negligence

A subdivision association which employed a lifeguard to work at a designated swimming area of a lake was not liable for the death of a boy who drowned in the lake in the absence of evidence as to how, when or where the drowning occurred.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 6 September 1985 in Superior Court, FORSYTH County. Heard in the Court of Appeals 16 April 1986.

*Berry, Hogewood, Edwards & Freeman, P.A., by Lawrence W. Hewitt, for plaintiff appellant.*

*Petree, Stockton, Robinson, Vaughn, Glaze & Maready, by Robert J. Lawing and G. Gray Wilson, for defendant appellee.*

BECTON, Judge.

Plaintiff, administrator of the estate of Daniel Keith Price, appeals from summary judgment entered for defendant Mallard Lakes Association in an action alleging that Prince drowned due to defendant's negligence. We affirm.

I

The evidence viewed in the light most favorable to the plaintiff reveals the following. Mallard Lakes Association (Mallard Lakes) employed Lisa Haste as a lifeguard to work from 10:00 a.m. until 5:00 p.m. at a designated swimming area in Mallard Lake. The lake was for the use of Mallard Lakes subdivision residents and their guests, and a "Mallard Lakes Residents Only" sign was posted. The swimming area was not enclosed by a fence that would restrict access to the beach.

In her written statement, Haste indicated she believed the swimming area was unsafe because it lacked a lifeguard chair, the safety equipment consisted of a cracked life ring and a first aid kit, the floating dock drifted on the lake and should have been attached by ropes to the dock, the swimming area was not enclosed by a fence, and there was debris in the lake.

Several weeks prior to the drowning, Haste told Prince, who did not live in the subdivision, that he was not supposed to be at the beach unless he was a guest of a resident. Later that day Haste told the decedent he could swim while she was there.

On the day of the drowning, Haste saw a boy whom she did not recognize arrive at the lake at 3:30 p.m. and go into the water. Haste took a head count when she left the lake at 5:00, and felt she accounted for everyone who had gone into the water. She was uncertain whether to count one of two people on a raft because she thought one swam out to the raft from some other point around the lake. Haste believed no one was at the beach when she returned at 7:00 p.m. to pick up the trash cans.

After Haste learned Prince was missing, she assumed the boy who had arrived at the lake at 3:30 was Prince.

## II

Summary judgment is appropriate when there is no genuine issue as to any material fact and any party is entitled to judgment as a matter of law. *Gore v. Hill,* 52 N.C. App. 620, 279 S.E. 2d 102, *disc. rev. denied,* 303 N.C. 710 (1981). The plaintiff contends summary judgment for Mallard Lakes was inappropriate because of the following genuine issues of material fact: (1) the location from which the lifeguard observed the swimmers, (2) the condition of the safety equipment, (3) the extent to which the floating dock was secured to the pier, (4) the extent to which non-residents were restricted from the swimming area, and (5) the amount of debris in the lake.

We agree that the evidence viewed in the light most favorable to the non-movant suggests discrepancies, but we find that these discrepancies are not material. Immaterial questions of fact do not preclude summary judgment. *Kessing v. Mortgage Corporation,* 278 N.C. 523, 180 S.E. 2d 823 (1971). The plaintiff has failed to produce any evidence of the basic elements of negligence: that nonperformance of a duty owed by defendants to plaintiff caused the injury. *Sasser v. Beck,* 65 N.C. App. 170, 308 S.E. 2d 722 (1983), *disc. rev. denied,* 310 N.C. 309, 312 S.E. 2d 652 (1984).

Mallard Lakes argues the decedent was a trespasser to whom the lowest duty of care was owed; the plaintiff contends he was at least a licensee, or possibly an invitee to whom the highest duty of care was owed. Assuming, without deciding, that Prince was a licensee, or even an invitee, recovery is precluded in the absence of evidence of a causal connection between the conduct of Mallard Lakes and the drowning. *See Hahn v. Perkins,* 228 N.C. 727, 46 S.E. 2d 854 (1948) (Evidence that decedent disappeared in a crowd near a pool and that his body was later found in the pool cannot produce a reasonable inference that alternative action by pool owners or employees would have saved his life.); *Sasser,* 65 N.C. App. at 171, 308 S.E. 2d at 723 ("Plaintiff offered no evidence showing he sustained his injuries by reason of some defect in the pool, that additional safety precautions would have prevented the injuries, or that their absence proximately caused the accident" when plaintiff's grandparents left plaintiff at a motel pool which

had no lifeguard and returned to find him lying at the bottom of the pool.).

Prince's body was discovered in Mallard Lake the day after his disappearance. Mallard Lake is a twenty-acre lake with numerous points of access other than the designated beach area where Haste worked. Plaintiff presents no evidence of where the drowning occurred, how it occurred, or when it occurred. The only possible evidence which would place Prince at the beach before the lifeguard went off duty at 5:00 p.m. is Haste's testimony that she saw only the back of a boy who she did not recognize in the water at 3:30 p.m. She later assumed this was Prince when authorities told her he was missing. Plaintiff in no way demonstrated how the allegedly faulty equipment, possible inattentiveness of the lifeguard, or debris in the lake contributed to the drowning, nor did he show how different safety precautions could have prevented the death. When the evidence does not reveal how, when, or where the drowning occurred, but leaves these matters to speculation, summary judgment for the defendant is appropriate. *Hahn.*

### III

For these reasons, the trial court's entry of summary judgment for Mallard Lakes is

Affirmed.

Judges PHILLIPS and COZORT concur.