BAUCOM'S NURSERY COMPANY, A CORPORATION v. MECKLENBURG COUN-
TY, NORTH CAROLINA, CARLA E. DuPUY, CHAIRMAN AND MEMBER OF THE
BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY, NORTH CAROLINA,
AND T. RODNEY AUTREY, JOHN G. BLACKMON, GEORGE HIGGINS,
PETER KEBER, BARBARA LOCKWOOD AND ROBERT L. WALTON,
MEMBERS OF THE BOARD OF COUNTY COMMISSIONERS OF MECKLENBURG COUNTY,
NORTH CAROLINA

No. 8726SC1046

(Filed 5 April 1988)

**1. Counties § 5.4— amendment to zoning ordinance—statute of limitations—summary judgment for defendants proper**

The trial court properly granted summary judgment for defendants in an action seeking to have an amendment to a county zoning ordinance declared invalid where the amended ordinance was adopted on 6 December 1982 and plaintiff filed this action on 18 May 1987. N.C.G.S. § 153A-348, the statute of limitations for actions involving the validity of a county zoning ordinance, requires actions to be brought within nine months of the adoption of the ordinance or amendment.

**2. Counties § 9— amendment to zoning ordinance—action for damages—governmental immunity**

The trial court properly granted summary judgment for defendants in an action for damages occurring as the result of the enactment and enforcement of an amendment to a county zoning ordinance where plaintiff failed to allege or present any evidence that the county has liability insurance. N.C.G.S. § 153A-435.

**3. Counties § 9— amendment of zoning ordinance—punitive damages—government immunity**

Summary judgment was properly granted for defendant on plaintiff's claim for punitive damages for the attempted destruction of plaintiff's business through enactment of a zoning amendment because there is no statute in North Carolina which specifically authorizes the recovery of punitive damages from a county.

APPEAL by plaintiff from *Snepp (Frank W.), Judge.* Judgment entered 13 August 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 March 1988.

Plaintiff brings this action against Mecklenburg County and the Board of County Commissioners seeking to have a 6 December 1982 amendment to the county zoning ordinance declared invalid. Plaintiff further seeks actual damages allegedly resulting from the enforcement of the amended zoning ordinance and also seeks to recover punitive damages for the willful and malicious

conduct of defendants in attempting to destroy its operations by enactment of the amendment.

Defendants in their answer assert the affirmative defenses of the statute of limitation and sovereign immunity. From the lower court's granting of summary judgment for defendants, plaintiff appeals.

*Boyle, Alexander, Hord and Smith, by B. Irvin Boyle, for plaintiff-appellant.*

*Ruff, Bond, Cobb, Wade & McNair, by James O. Cobb, for defendants-appellees.*

SMITH, Judge.

Plaintiff previously instituted an action against defendant County and its commissioners involving an interpretation of this same zoning ordinance as it was written before the 6 December 1982 amendment. *See Baucom's Nursery Co. v. Mecklenburg Co.*, 62 N.C. App. 396, 303 S.E. 2d 236 (1983). Before this Court filed its opinion in the prior case, the ordinance, which was then the subject of litigation, was amended. This amended ordinance is the subject of the present controversy.

Plaintiff assigns as error (1) the trial court's conclusion that there is no genuine issue of material fact, and (2) the trial court's conclusion that the defendants are entitled to summary judgment as a matter of law. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). Summary judgment is an appropriate means of raising the defense of a statute of limitation if the statute is properly before the court. *Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 329 S.E. 2d 350 (1985); *Marshburn v. Associated Indemnity Corp.*, 84 N.C. App. 365, 353 S.E. 2d 123, *disc. rev. denied*, 319 N.C. 673, 356 S.E. 2d 779, *reconsideration dismissed*, 320 N.C. 170, 358 S.E. 2d 53 (1987). A defendant may also properly utilize summary judgment when a plaintiff has failed to allege a claim for relief. *Rorrer v. Cooke*, 313 N.C. 338, 329 S.E. 2d 355 (1985); *Colonial Building Co. v. Justice*, 83 N.C. App. 643, 351 S.E. 2d 140 (1986), *disc. rev. denied*, 319 N.C. 402, 354 S.E. 2d 711 (1987).

[1] The undisputed facts in this cause conclusively show that the amended ordinance was adopted on 6 December 1982. Plaintiff filed this action in the Superior Court of Mecklenburg County on 18 May 1987. G.S. 153A-348, the statute of limitation for actions involving the invalidity of a county zoning ordinance, provides "[a] cause of action as to the validity of any zoning ordinance, or amendment thereto, adopted under this Part or other applicable law shall accrue upon adoption of the ordinance, or amendment thereto, and shall be brought within nine months as provided in G.S. 1-54.1." This statute has not been previously applied by this Court; however, G.S. 160A-364.1 which is almost identical to G.S. 153A-348 except that it applies to municipalities, has been utilized by this Court to bar attacks on municipal zoning ordinances. *In re Appeal of CAMA Permit*, 82 N.C. App. 32, 345 S.E. 2d 699 (1986); *Sherrill v. Town of Wrightsville Beach*, 81 N.C. App. 369, 344 S.E. 2d 357, *disc. rev. denied*, 318 N.C. 417, 349 S.E. 2d 600 (1986). We hold that G.S. 153A-348 is an absolute bar to plaintiff's attack on the validity of the amended zoning ordinance. The period of time between the enactment of the amended zoning ordinance and the institution of this action was approximately four and one-half years. We note that the validity of G.S. 153A-348 is not at issue and therefore we do not address this question.

[2] We next address plaintiff's alleged causes of action for actual and punitive damages occurring as a result of the enactment and enforcement of the amended zoning ordinance. In this regard, the county, as a governmental agency, exercises the police power of the State and is thus exempt from liability under the common law rule of governmental immunity. *Orange County v. Heath*, 14 N.C. App. 44, 187 S.E. 2d 345 (1972); *Town of Hillsborough v. Smith*, 10 N.C. App. 70, 178 S.E. 2d 18 (1970), *cert. denied*, 277 N.C. 727, 178 S.E. 2d 831 (1971). The individual county commissioners are likewise engaged in the performance of a governmental function in either enacting or enforcing the amended zoning ordinance. Thus, they also are protected from liability by the doctrine of governmental immunity. *Robinson v. Nash County*, 43 N.C. App. 33, 257 S.E. 2d 679 (1979). However, a county in this State may waive governmental immunity by purchasing liability insurance. G.S. 153A-435; *Coleman v. Cooper*, 89 N.C. App. 188, 366 S.E. 2d 2 (1988). Plaintiff, in the case at bar, fails to allege or present any

evidence that Mecklenburg County has liability insurance. Thus, summary judgment was appropriate.

[3] Further, with regard to the claim for punitive damages, it has been held that such damages may not be recovered from a governmental agency unless expressly provided for by statute. *Long v. City of Charlotte*, 306 N.C. 187, 293 S.E. 2d 101 (1982). There is no statute in this State which specifically authorizes the recovery of punitive damages from a county. For the reasons herein stated, the trial court is affirmed.

Affirmed.

Judges EAGLES and COZORT concur.