***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, reconsider the evidence or rehear the parties or their representatives, the Full Commission hereby affirms the Decision and Order of the Deputy Commissioner.
 ***********
The following documents were introduced into evidence as:
 EXHIBITS
1. Stipulated Exhibit 1: NCDOC Report of Accident to Inmate.
2. Stipulated Exhibit 2: Plaintiff's medical records.
 ***********
Based on the evidence presented, the Full Commission adopts the Findings of Fact of the Deputy Commissioner and finds as follows:
 FINDINGS OF FACT
1. A hearing on Plaintiff, Sherman Montgomery's (hereinafter "Montgomery"), tort claim was held on June 29, 2004.
2. On November 13, 2000 Montgomery was incarcerated at Central Prison in Raleigh, North Carolina.
3. On November 13, 2000 Montgomery was let out of his cell for his shower period.
4. When Montgomery left his cell, he saw water on the floor. Montgomery walked through the water to the shower and then turned to go back to his cell.
5. As Montgomery returned to his cell, he slipped and fell in the water.
6. Montgomery was examined by a medical provider and no injuries were noted. Montgomery was given a cervical collar and prescribed ibuprofen for seven days.
7. During the hearing, Montgomery testified that the employees named as negligent in his affidavit were all doing their job.
8. Montgomery further testified that the last inmate using the shower was responsible for mopping the water on the floor at the shower. Montgomery knew the water was there and he did not mop the water up because it was not his responsibility.
9. Montgomery's written statement at the time further provides that he knew the water was there and had already walked through it once before he slipped.
 ***********
Based on the foregoing Findings of Facts, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the Industrial Commission with jurisdiction to hear tort claims against the State Board of Education, the Board of Transportation and all other departments, institutions and agencies of the State.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkir v.N.C. State University, 321 N.C. 706, 709, 365 S.E.2d 898, 900 (1988).
3. In order to prove negligence, Montgomery must establish a duty imposed on Defendant North Carolina Department of Correction (hereinafter "NCDOC") by law to conform to a certain standard of conduct with respect to the interests of others; a breach of that duty; an injury or damages to the Plaintiff; and a sufficient factual and legal connection between the Defendant's alleged breach of duty and the Plaintiff's harm. Sasserv. Beck, 65 N.C. App. 170, 308 S.E.2d 722 (1983), review denied,310 N.C. 309, 312 S.E.2d 652 (1984). Montgomery did not show that any NCDOC officer breached a duty of care owed to him. Montgomery failed to show that any NCDOC officer was negligent.
4. A claimant whose negligence has contributed to his injury cannot recover under the Tort Claims Act. N.C. Gen. Stat. § 143-299.1. Even if NCDOC was negligent, Montgomery was contributorily negligent. Montgomery knew water was present, walked through it once before he slipped, walked through it a second time, and had the means to clean the water up off the floor, but declined to do so. When Montgomery walked through the water a second time, he was aware the water was there and assumed the risk of proceeding.
 ***********
Based upon the foregoing Findings of Facts and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Montgomery's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as Montgomery was permitted to sue in formapauperis.
This the ___ day of October 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ LAURA K. MAVRETIC COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER