MRS. VERNIE TOWE (Widow), MRS. GLADYS L. BANKS (Guardian of VAUGHTIE LUCILLE TOWE, Minor), Daughter of WILLIAM E. TOWE, Deceased (Employee), v. YANCEY COUNTY (Employer), Self-Insurer.

(Filed 1 November, 1944.)

1. **Master and Servant § 39g: Sheriffs § 2—**

   Deputy sheriffs were not included as employees of the sheriff or of the county within the meaning of the N. C. Workmen's Compensation Act as originally enacted.

2. **Sheriffs § 2—**

   A deputy sheriff, although appointed by the sheriff and acting for him, is considered a public officer; and his compensation as fixed by statute, whether fees or salary, is for public service.

3. **Master and Servant § 39g: Constitutional Law § 8—**

   Public Laws 1939, ch. 277, now G. S., 97-2, including deputy sheriffs, and persons acting as deputy sheriffs, within the term "employee" as used in the N. C. Workmen's Compensation Act, is consonant with Art. I, sec. 7, and with Art. II, sec. 29, of the N. C. Constitution.

APPEAL by defendant from *Pless, J.,* at January Term, 1944, of YANCEY.

Proceeding under North Carolina Workmen's Compensation Act to determine liability of defendant to claimants for compensation for death of William E. Towe.

The North Carolina Industrial Commission finds as a fact that William E. Towe came to his death on 13 June, 1940, as result of injury by accident arising out of and in the course of his employment as deputy sheriff of Yancey County, and awarded compensation.

This award was affirmed by judgment of Superior Court. Defendant appeals to Supreme Court and assigns error.

*Charles Hutchins and R. W. Wilson for plaintiff, appellee.*
*Watson & Fouts for defendant, appellant.*

WINBORNE, J. This appeal involves only question of the constitutionality of chapter 277, Public Laws 1939.

By this Act the General Assembly amended the North Carolina Workmen's Compensation Act, Public Laws 1929, chapter 120, now chapter 97 of the General Statutes of North Carolina, so as (1) to include deputies sheriff and all persons acting in capacity of deputy sheriff within the meaning of the term "employee" as used in the act, (2) to declare that "for the purposes of this law" the board of commissioners in each county of the State shall be considered as "employer" of all deputies sheriff and of persons serving or performing the duties of a deputy sheriff, and (3) to fix as basis for compensation under the Workmen's Compensation Act for all such deputies sheriff and such persons a minimum amount per week, but specifying that the Act shall not apply to fourteen counties named therein.

The attack upon the constitutionality of the Act is upon the ground that it violates (1) Article I, section 7, of the North Carolina Constitution, which provides that "no man or set of men are entitled to exclusive or separate emoluments or privileges from the community but in consideration of public services," and (2) Article II, section 29, of said Constitution, which inhibits the enactment of private or special legislation.

In this connection these principles are appropriate: A deputy sheriff is a deputy of the sheriff, one appointed to act ordinarily for the sheriff, and not in his own name, person or right, and, although ordinarily appointed by the sheriff, is considered a public officer. Deputies sheriff were not included as employees of the sheriff or of the county within the meaning of the North Carolina Workmen's Compensation Act as originally enacted. See *Borders v. Cline,* 212 N. C., 472, 193 S. E., 826; *Styers v. Forsyth County,* 212 N. C., 558, 194 S. E., 305. And the compensation of a deputy sheriff is for public service, and, whether on basis of fees or salary, is fixed by statute. *Borders v. Cline, supra,* and cases cited. This the General Assembly has the power to do. *Borders v. Cline, supra,* and cases cited. *Hill v. Stansbury,* 223 N. C., 193, 25 S. E. (2d), 604.

Therefore, any benefits which deputies sheriff and persons acting in the capacity of deputy sheriff may receive under the Act in question are conferred by reason of public service, and in this light the Act is consonant with the provisions of Article I, section 7, of the Constitution.

Furthermore, the fixing of compensation of sheriff and deputy sheriff is not included among the subjects enumerated in Article II, section 29, of the Constitution, relating to which the General Assembly shall not pass any local, private or special act or resolution. Thus, there is in this section no inhibition against the passing of a local, private, or special act fixing such compensation unless the act in question comes within the subject of "regulating labor, trade, etc.," against which there is an inhibition. But as a deputy sheriff is a public officer, the Act conferring benefits upon deputies sheriff in consideration of public service is not a regulation of labor or trade.

Moreover, there is no provision in the Constitution requiring the compensation of public officers in the various counties to be uniform throughout the State.

The judgment below is
Affirmed.