STATE OF NORTH CAROLINA AND BLADEN COUNTY BOARD OF COMMISSIONERS UPON THE RELATION OF JOHN C. CAIN, AND JOHN C. CAIN, v. W. M. CORBETT, JR., AND J. L. CORBETT, TRADING AS CORBETT BROTHERS, HARVEY THOMPSON, DEPUTY SHERIFF, JOHN B. ALLEN, SHERIFF, AND MARYLAND CASUALTY COMPANY.

(Filed 1 February, 1952.)

**1. Pleadings § 19b—**

　　A demurrer for misjoinder of parties and causes admits for the purpose the truth of allegations of fact contained in the complaint.

**2. Sheriffs § 6b—**

　　A sheriff is liable for the wrongful acts or omissions of his deputy to the same extent as he is for his own.

**3. Sheriffs §§ 6b, 6c: Principal and Surety § 5a—**

　　A sheriff and his deputy, as well as the surety on their bonds, may be held liable for false arrest made by the deputy under color of his office. G.S. 162-8, G.S. 109-34.

**4. Contracts § 19—**

　　Where a contract is made for the benefit of a third party, such third party may maintain an action thereon.

**5. Sheriffs § 6b, 6c: Principal and Surety § 5a: False Imprisonment § 2—**

　　Where the complaint alleges false arrest by a deputy sheriff while acting in the scope of his employment by individuals and also under color of his office, the joinder of the deputy, the sheriff, the surety on their bonds, and the alleged employers is not a misjoinder. Whether the deputy was acting in his capacity as employee or public officer is a question of fact for the jury under the pleading.

**6. Parties § 3—**

　　If plaintiff be in doubt as to the persons from whom he is entitled to redress, he may join two or more defendants to determine which is liable. G.S. 1-69.

**7. Pleadings § 3a: False Imprisonment § 2—**

Where the complaint states a cause of action for false imprisonment and also alleges malicious prosecution in connection with other matters on the question of punitive damages, but does not attempt to state them as separate causes (G.S. 1-123) and seeks no actual damages on account of malicious prosecution, it states but a single cause of action for false arrest, and any doubt in this respect is removed by plaintiff's declaration, constituting an election of remedies, that the action was for "false arrest and damages."

**8. Pleadings § 19c—**

In this action for false imprisonment, demurrer on the ground of misjoinder of parties and causes of action should have been overruled, it appearing that all parties defendant were proper or necessary parties and that the complaint stated but one cause of action.

APPEAL by plaintiff from *Williams, J.,* at April-May Term, 1951, of BLADEN.

Civil action to recover actual and punitive damages on account of false arrest, etc., heard upon demurrer by defendants to complaint of plaintiff for alleged misjoinder of parties and of causes of action.

Plaintiff alleges in his complaint in pertinent part substantially the following:

1. That he is a citizen and resident of Bladen County, North Carolina, and that this suit is brought upon his relation and in his own behalf.

2. That W. M. Corbett, Jr., and J. L. Corbett were, at the times mentioned, co-partners trading and doing business under the name of Corbett Brothers, and together operated Crystal Beach on White Lake in Bladen County.

3 and 4. That prior to the times mentioned defendant Harvey Thompson, a resident of Bladen County, North Carolina, was appointed by John B. Allen, Sheriff of Bladen County, to position of deputy sheriff therein, and thereupon Thompson entered into a bond payable to Bladen County Board of Commissioners covering the period from 1 May, 1950, to 1 September, 1950, in the penal sum of $3,000, with defendant, Maryland Casualty Company, a corporation doing business in the State of North Carolina, as surety, undertaking that Thompson, as deputy sheriff during such period would "well and faithfully perform all and singular the duties incumbent upon him by reason of his appointment to said office," and the same was in full force and effect at the times herein mentioned.

5 and 6. That John B. Allen, at the times mentioned herein, was duly elected, qualified and acting sheriff of Bladen County, and, as required by law to do, had entered into a bond payable to the State of North Carolina in the penal sum of $5,000, with Maryland Casualty Company, a corporation doing business in the State of North Carolina, as surety,

"undertaking that in all things he would well and truly and faithfully execute the said office during his continuance therein," and said bond was in full force and effect at the times herein mentioned.

8 and 9. That to the end that order should be maintained and the law observed at Crystal Beach W. M. Corbett, Jr., and J. L. Corbett employed defendant Thompson, and paid him compensation during the summers of 1947, 1948, 1949 and 1950 to as late as 14th of June, and requested Jŏhn B. Allen, Sheriff as aforesaid, to appoint Thompson a deputy sheriff and permit him to remain at Crystal Beach and serve them, agreeing in such event to pay his compensation and see to it that without cost to the sheriff or the county he would furnish bond to Bladen County Board of Commissioners as aforesaid, and thereupon John B. Allen, Sheriff as aforesaid, appointed Thompson a deputy sheriff and agreed that he might continue to serve defendants W. M. Corbett, Jr., and J. L. Corbett at Crystal Beach for the period, among previous like periods, from "May 1st to September 1, 1950."

10 and 11. That on 2 June, 1950, at some time past ten o'clock in the evening, while plaintiff and others together were taking part in the pleasures and entertainments afforded by Crystal Beach, defendant Harvey Thompson, deputy sheriff, was present dressed in uniform, wearing a badge and armed with a black-jack and pistol, and, in conversation with plaintiff, suddenly appeared to become greatly angered by some remark of plaintiff that was intended to give no offense whatsoever, and abruptly and gruffly, in the presence of many, said to plaintiff, "You will have to come along with me, I will have to take you in," or words to that effect, and, although he had no warrant or authority whatsoever, publicly arrested plaintiff and took him into custody, and in so doing wrongfully and unlawfully assaulted plaintiff, in manner detailed, pushing him across the premises of Crystal Beach to a point near the office of defendants Corbett, when defendant W. M. Corbett, Jr., came out, and "soon advised plaintiff he had best go along with defendant, Thompson, deputy sheriff," and, in spite of his protestations, Thompson, in presence of said Corbett, continued to assault plaintiff and shot him, whereupon "said defendants together put plaintiff in the automobile of defendant W. M. Corbett, Jr., and took him to Elizabethtown, the county seat of Bladen, all of which was wrongful, unlawful and in flagrant violation of the rights of plaintiff to his great injury and lasting damage"; and that "on account of all of which plaintiff has sustained and still suffers great mental and physical actual damages proximately caused by the gross negligence and as the direct and natural result of the unlawful and wilful acts and conduct of defendant, Harvey Thompson, deputy sheriff."

12 and 13. That on 3 June, 1950, Harvey Thompson swore to an affidavit charging that on 2 June of said year "plaintiff John C. Cain did unlawfully appear in public while under the influence of intoxicants, and did

then and there unlawfully and wilfully resist, delay and obstruct a public officer while in the discharge of his official duty, and did unlawfully and wilfully assault a public officer in the discharge of his official duty," and procured a warrant to be issued thereon by the Recorder's Court of Bladen County for his arrest, and when plaintiff came on to be tried upon said charges in said court, the court found plaintiff not guilty, and dismissed the case; and plaintiff alleges that the criminal prosecution of him as aforesaid was frivolous and malicious, without probable cause and not in good faith, but, in flagrant violation of his rights, was undertaken in an effort by defendants Corbett and Thompson, deputy sheriff, to shield themselves against responsibility on account of the wrongful, false and unlawful arrest of plaintiff and the wilful and wanton manner in which he had been assaulted and shot and carried away from Crystal Beach on · the night of 2 June, etc., embarrassing and humiliating and injurious to him in his character, reputation and standing to his great damage.

14. That defendant Thompson, deputy sheriff, having acted in the capacity and as agent and employee of the Corbetts during summer seasons of three previous years, knew, or ought to have known, that he had no right or authority to arrest plaintiff without a warrant, and in so doing was actuated by anger or malice, etc., "on account of which . . . plaintiff is entitled to recover punitive damages, as he is advised and believes."

15. That in falsely and unlawfully arresting and thereafter without probable cause maliciously prosecuting plaintiff in the manner alleged, defendant Thompson was an employee of defendants W. M. Corbett, Jr., and J. L. Corbett acting within the scope of his employment, and was at the same time a deputy sheriff of Bladen County acting under color of his office, and such acts and unlawful conduct constituted at once a breach of official duty on the part of Harvey Thompson, deputy sheriff, as well as upon the part of John B. Allen, Sheriff of Bladen County, whose deputy he was, which acts and unlawful conduct are and constitute likewise a breach of the official bond of each of said defendants wherein defendant Maryland Casualty Company undertook in the penal sum of $3,000 as to defendant Harvey Thompson, deputy sheriff, and in the penal sum of $5,000 as to defendant John B. Allen, Sheriff, that each would well and faithfully perform all and singular the duties incumbent upon him during his term of office.

16. That by reason of his false and unlawful arrest and detention as hereinbefore alleged plaintiff has suffered actual, mental and physical injury and damage in the sum of $7,500, and by reason of his angry and insulting public arrest without warrant and the willful and wanton employment of excessive force to the extreme of being shot and hauled away from Crystal Beach like a criminal and thereafter maliciously prosecuted

without probable cause, plaintiff is entitled, as he is informed and believes, to recover punitive damages in the sum of $10,000.

Wherefore plaintiff demands judgment against defendants and each of them in the sum of $7,500 actual damages and $10,000 punitive damages and the cost of this action, together with such other relief as plaintiff is or may be entitled to have, to be discharged in full however as to Maryland Casualty Company upon payment thereon by it in the sum of $8,000.

Thereupon W. M. Corbett, Jr., and J. L. Corbett, trading as Corbett Brothers, filed a separate demurrer, and John B. Allen, Sheriff, and Maryland Casualty Company together filed a separate demurrer, and Harvey Thompson and Maryland Casualty Company together filed a separate demurrer, each of which was in same words and figures, save only language naming the parties whose demurrer it is, to wit: That according to the complaint filed herein there is a misjoinder of parties defendants and a misjoinder of causes. Then follows a summary of the allegations of the complaint, as interpreted by defendants, and concluding with prayer that "there being a misjoinder of causes of action as above set forth and there being a misjoinder of parties defendants as shown, these defendants demur to the complaint and move that the action be dismissed."

Thereafter upon hearing on the demurrers filed, the court adjudged that there is a misjoinder of parties and causes of action set out in the complaint and dismissed the action at the cost of plaintiff and sureties upon the prosecution bond.

Plaintiff excepted, and appeals to Supreme Court and assigns error.

*Clark & Clark for plaintiff, appellant.*

*Leon D. Smith, Robert J. Hester, Jr., and Nance & Barrington for defendants, appellees.*

WINBORNE, J. This appeal challenges the correctness of the ruling of the court below in sustaining the demurrers to the complaint on the ground that the complaint shows upon its face a misjoinder both of parties and of causes of action. Admitting for the purpose the truth of the allegations of facts contained in the complaint, as is done when testing the sufficiency of such allegations to withstand demurrer, and applying pertinent statutes, as interpreted in decisions of this Court, we conclude that the challenge is valid, and should be sustained.

At the outset it is noted that plaintiff, appellant, states, in his brief filed in this Court, that this is an action for false arrest and damages; and that while he does not allege or pray actual damages by reason of malicious prosecution, he does allege it together with ill treatment and make it in part the basis of his prayer for the award of punitive damages.

And on the other hand, defendants, appellees, state in their brief filed on this appeal: "It is not contended that there are not sufficient allegations in the complaint upon which to base either a suit for assault and false arrest, or a suit for malicious prosecution."

Hence it is appropriate to consider, first, the question as to whether there is a misjoinder of parties on the alleged cause of action for assault and false arrest. In this connection a sheriff is required by statute in this State, G.S. 162-8, formerly C.S. 3930, as amended by 1943 Session Laws, chap. 543; to execute two several bonds payable to the State of North Carolina, the second of which shall be not more than five thousand dollars, in the discretion of the board of county commissioners, and shall be conditioned that if he shall in all other things (than as specified) well and truly and faithfully execute said office of sheriff during his continuance therein, then the obligation to be void; otherwise to remain in full force and effect.

It is also provided by statute, G.S. 109-3, that "Every . . . sheriff . . . and every other officer of the several counties who is required by law to give a bond for the faithful performance of the duties of his office, shall give a bond for the term of the office to which such officer is chosen."

It is further provided by statute, G.S. 109-34, that "Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . or other officer, may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds for the due performance of their duties in office in the name of the State, without any assignment thereof; . . . and every such officer and the sureties on his official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of his office."

Moreover, as declared by this Court in *Styers v. Forsyth County,* 212 N.C. 558, 194 S.E. 305: "Under our law a deputy sheriff is authorized to act only in ministerial matters, and in respect to these matters he acts as vice-principal or *alter ego* of the sheriff, for the sheriff 'and his deputy are, in contemplation of law, one person' . . . The acts of the deputy are the acts of the sheriff . . . For this reason the sheriff is liable on his official bond for acts of his deputy" . . . "A sheriff is liable for the acts or omissions of his deputy as he is for his own." See also *Borders v. Cline,* 212 N.C. 472, 193 S.E. 826. *Blake v. Allen,* 221 N.C. 445, 19 S.E. 2d 871, and *Towe v. Yancey County,* 224 N.C. 579, 31 S.E. 2d 754.

And in the present case it is alleged that defendant, Allen, executed the sheriff's bond required of him as above shown, with defendant Maryland Casualty Company as his surety, and that defendant Thompson, as deputy sheriff, executed a bond to the Board of County Commissioners of Bladen County, conditioned that he would well and faithfully perform all and singular the duties incumbent upon him by reason of his appointment to

said office of deputy sheriff, with defendant Maryland Casualty Company as his surety.

Furthermore, it is well settled that where a contract between parties is made for the benefit of a third party, the latter is entitled to maintain an action for its breach. *Boone v. Boone,* 217 N.C. 722, 9 S.E. 2d 383, and cases there cited. See also *Chipley v. Morrell,* 228 N.C. 240, 45 S.E. 2d 149, and *Canestrino v. Powell,* 231 N.C. 190, 56 S.E. 2d 566, where additional cases are cited.

In the light of these statutes and principles of law, it appears that if the defendant Thompson were acting in the capacity of deputy sheriff at the time of the alleged assault and false arrest, he and the surety on his bond, and the Sheriff and the surety on his bond, would be proper and necessary parties to the action based on the cause of action for the alleged assault and false arrest.

But it is contended by defendants, appellees, that in this event the defendants Corbett would be improper parties. It is noted, however, that plaintiff alleges that Thompson was an employee of the defendants Corbett acting within the scope of his employment, and was at the same time a deputy sheriff of Bladen County acting under color of his office. Therefore, whether at the time of the alleged assault and false arrest Thompson was acting in his capacity as servant or public officer is a question of fact for the jury. See *Tate v. R. R.,* 205 N.C. 51, 169 S.E. 816, and *Rhodes v. Asheville,* 230 N.C. 134, 52 S.E. 2d 371.

Thus the joining of the Corbetts will not be held to be a misjoinder. Indeed, if the plaintiff be in doubt as to persons from whom he is entitled to redress, he may join two or more defendants, to determine which is liable. G.S. 1-69.

By these same principles, and for like reasons, all the defendants are proper and necessary parties to the alleged cause of action for malicious prosecution.

Therefore this Court is constrained to hold that there is no misjoinder of parties to this action, whether it be considered on the cause of action for assault and false arrest, or on the cause of action for malicious prosecution.

We now come to this question: Do the allegations of the complaint constitute a misjoinder of causes of action? While the allegations of the complaint may be susceptible of being interpreted as stating two causes of action, one for false arrest, and the other for malicious prosecution, and while in the main the respective allegations are separate paragraphs, patently no attempt is made to state separate causes of action as required by Statute, G.S. 1-123. *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648.

Plaintiff does not seek relief by way of actual damages on account of malicious prosecution. And he expressly declares in this Court that "this

is an action for false arrest and damages." Manifestly if there were doubt as to the cause or causes of action alleged, this statement constitutes an election of remedies. Hence we hold that there is stated only one cause of action. Compare *Caudle v. Benbow,* 228 N.C. 282, 45 S.E. 2d 361.

Reversed.