VIRGINIA R. JONES, EXECUTRIX OF THE ESTATE OF CRISMAN S. JONES v. PITT COUNTY MEMORIAL HOSPITAL, INC., EAST CAROLINA UNIVERSITY SCHOOL OF MEDICINE, LEO WAIVERS, ROBERT C. TURNER, JAMES HOLLERAN, ROBERT BRUNER, JANICE BUSHER, DAVID T. WADDELL, LYNNE CHAPMAN, JAMES G. PEDEN, MICHAEL B. KODROFF, TIMOTHY J. CLARK, RICHARD RUMLEY, CINDY SMITH, JOHN HOLT, MOLLY BURGOYNE AND B. LISA BURG

No. 9125SC83

(Filed 3 December 1991)

1. **State § 4.2 (NCI3d) — wrongful death — sovereign immunity — Tort Claims Act**

The trial court correctly concluded that it lacked jurisdiction to adjudicate plaintiff's claim against the ECU School of Medicine. *Truesdale v. University of North Carolina*, 91 N.C. App. 186, unequivocally holds without regard to the type of action involved that N.C.G.S. § 116-3 allows UNC and its constituent institutions to be sued only as otherwise specifically provided by law. When read together, the language of the Tort Claims Act and N.C.G.S. § 116-3 evidence a legislative intent that all tort claims against UNC and its constituent institutions for money damages be brought before the North Carolina Industrial Commission.

**Am Jur 2d, Municipal, County, School, and State Tort Liability §§ 42, 649.**

**Modern status of doctrine of sovereign immunity as applied to public schools and institutions. 33 ALR3d 703.**

**2. Appeal and Error § 342 (NCI4th) — wrongful death action — dismissed without prejudice — appellee's objection — not properly preserved**

Defendant's contentions regarding dismissal of plaintiff's wrongful death action without prejudice were not addressed on appeal where defendant failed to appeal or cross-appeal pursuant to N.C. R. App. P. 3, make any cross-assignments of error pursuant to N.C. R. App. P. 10(d), or to present for review in its brief any questions raised by cross-assignments of error pursuant to N.C. R. App. P. 28(c).

**Am Jur 2d, Appeal and Error §§ 545, 648-650, 653-654, 657-658.**

APPEAL by plaintiff from order entered 6 September 1990 in CALDWELL County Superior Court by *Judge Claude S. Sitton.* Heard in the Court of Appeals 5 November 1991.

*Law Offices of Grover C. McCain, Jr., by Grover C. McCain, Jr. and Kenneth B. Oettinger, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by D. Sigsbee Miller, Assistant Attorney General, for the State.*

GREENE, Judge.

Plaintiff appeals from an order entered 6 September 1990 dismissing plaintiff's claim against defendant East Carolina University School of Medicine for lack of jurisdiction.

Plaintiff Virginia Jones, co-executor of the estate of her deceased husband Crisman S. Jones, instituted this wrongful death action on 11 June 1990 in Caldwell County Superior Court against Pitt County Memorial Hospital, Inc., East Carolina University (ECU) School of Medicine, eight physicians serving on both the faculty of ECU School of Medicine and on the staff at Pitt County Memorial Hospital, and seven residents in training at Pitt County Memorial Hospital. Plaintiff's complaint alleges negligence on the part of the named defendants in the care and treatment of her husband, who died on 10 June 1988 while a patient at Pitt County Memorial Hospital.

On 31 July 1990, defendant ECU School of Medicine filed a motion to dismiss plaintiff's claim on the grounds that the suit against it is barred by the doctrine of sovereign immunity, that

JONES v. PITT COUNTY MEM. HOSPITAL

[104 N.C. App. 613 (1991)]

the Caldwell County Superior Court lacks jurisdiction over the action, and that the complaint fails to state a claim upon which relief can be granted. On 6 September 1990, the trial court entered an order dismissing plaintiff's claim against ECU School of Medicine. The court found that ECU School of Medicine is a constituent institution of the University of North Carolina pursuant to N.C.G.S. §§ 116-4 (1987) and 116-40.4 (1987), and this finding is not disputed by the parties. The court concluded that the North Carolina Tort Claims Act, N.C.G.S. § 143-291 (1990) *et seq.*, applies to plaintiff's claim against this defendant and that, accordingly, exclusive original jurisdiction of the claim lies with the North Carolina Industrial Commission. The trial court's order dismissed plaintiff's claim against ECU School of Medicine without prejudice to file a new claim against said defendant within one year of the filing of the order.

---

The dispositive issues are whether I) a state superior court has jurisdiction to adjudicate tort claims against a constituent institution of the University of North Carolina; and II) the trial court erred in dismissing plaintiff's claim without prejudice to plaintiff to file a new claim against ECU School of Medicine within one year.

I

[1] Plaintiff contends that the trial court erred in dismissing her claim against defendant ECU School of Medicine because N.C.G.S. § 116-3 (1987) provides that the University of North Carolina "shall be able and capable in law to sue and be sued in all courts whatsoever." Plaintiff argues that, as a constituent institution of The University of North Carolina (UNC), *see* N.C.G.S. § 116-2(4) (1987), Section 116-3 applies to defendant ECU School of Medicine. In plaintiff's view, Section 116-3 operates as a clear and unambiguous abolition by our General Assembly of the doctrine of sovereign immunity as it pertains to UNC and its constituent institutions, and thus allows plaintiff's tort action in the Caldwell County Superior Court. We disagree.

It is well established in North Carolina that the State is immune from suit unless and until it has expressly consented to be sued. *Great Am. Ins. Co. v. Gold, Comm'r of Ins.*, 254 N.C. 168, 172-73, 118 S.E.2d 792, 795 (1961). It is for the General Assembly to determine when and under what circumstances the State may be sued, *id.*, and even when legislative action is taken, statutes enacted in derogation of sovereign immunity must be strictly con-

strued. *Nello L. Teer Co. v. State Highway Comm'n*, 265 N.C. 1, 9, 143 S.E.2d 247, 253 (1965). The doctrine of sovereign immunity applies not only to suits in which the State is a named defendant, but also to actions against its departments, institutions, and agencies. *Id.* at 9, 143 S.E.2d at 253; *see also Truesdale v. University of North Carolina*, 91 N.C. App. 186, 371 S.E.2d 503 (1988), *appeal dismissed and disc. rev. denied*, 323 N.C. 706, 377 S.E.2d 229 (1989), *cert. denied*, 493 U.S. 808, 107 L.Ed.2d 19 (1989).

This Court addressed a question nearly identical to the one presented here in *Truesdale v. University of North Carolina, supra.* The plaintiff there alleged federal constitutional violations and violations of 42 U.S.C. § 1983 against the University of North Carolina and one of its constituent institutions, Winston-Salem State University, where plaintiff was employed as a security officer. Like plaintiff in the instant case, the plaintiff in *Truesdale* cited the "able and capable in law to sue and be sued in all courts whatsoever" language of N.C.G.S. § 116-3 in support of her contention that our General Assembly has abolished sovereign immunity insofar as UNC and its constituent institutions are concerned. This Court disagreed, stating:

> The purpose and intent of G.S. 116-3 is to allow UNC and its constituent institutions to sue and be sued in their own names *but only as otherwise specifically provided by law*. We do not believe that the General Assembly intended to abolish the doctrine of sovereign immunity.

*Truesdale*, 91 N.C. App. at 192, 371 S.E.2d at 507 (emphasis added). We held that, since no other law specifically provided for discrimination suits against UNC and its constituent institutions, the doctrine of sovereign immunity barred plaintiff's claims.

Plaintiff contends that *Truesdale* is distinguishable from the case at bar since *Truesdale* involved a discrimination action against a UNC constituent institution, not a tort claim such as the one involved here. This, however, is a distinction without a difference. *Truesdale* unequivocally holds without regard to the type of action involved that Section 116-3 allows UNC and its constituent institutions to be sued only as otherwise specifically provided by law, and we are bound by it. Moreover, our Supreme Court in *Guthrie v. State Ports Authority*, 307 N.C. 522, 537-38, 299 S.E.2d 618, 627 (1983), held that a statute with language similar to that of Section 116-3 does not operate as an express waiver of sovereign

immunity. *See* N.C.G.S. § 143B-454(1) (1990) (vesting the North Carolina Ports Authority, a State agency, with the power to "sue or be sued").

However, this case is different from *Truesdale* in that our General Assembly has "specifically provided" in the State Tort Claims Act (the Act) for actions in tort against the State and its agencies and institutions. Under the Act, jurisdiction is vested in the North Carolina Industrial Commission to hear claims against the State for personal injuries sustained by any person as a result of a State employee's negligence while acting within the scope of his employment. *Guthrie,* 307 N.C. at 536, 299 S.E.2d at 626. When read together, the language of the Act and of Section 116-3, making UNC and its constituent institutions "able and capable in law to sue and be sued in all courts whatsoever," evidence a legislative intent that all tort claims against UNC and its constituent institutions for money damages be brought before the North Carolina Industrial Commission. *See Guthrie,* 307 N.C. at 538, 299 S.E.2d at 627. Accordingly, the trial court correctly concluded that it lacked jurisdiction to adjudicate plaintiff's claim against ECU School of Medicine.

## II

[2] Defendant argues that the trial court erred in dismissing plaintiff's claim without prejudice because 1) the two-year statute of limitations applicable to plaintiff's claim, N.C.G.S. § 143-299 (1990), ran before the entry of the trial court's order and "no one could extend it"; and 2) even if the statute had not run, the trial court had no jurisdiction to take action extending the statute of limitations and any such action is null and void. Defendant seeks modification of the order to dismissal "with prejudice."

However, defendant has not properly preserved for appellate review any objection that it may have to the trial court's order in this case. Defendant failed to appeal or cross appeal pursuant to R. App. P. 3, or to make any cross-assignments of error pursuant to R. App. P. 10(d), or to present for review in its brief any questions raised by cross-assignments of error (under Rule 10(d) ) pursuant to R. App. P. 28(c). Moreover, because defendant does not contend that the trial court's order deprives it of additional bases supporting the court's order, but rather, that certain portions of the order are erroneous, the proper means by which to raise such an attack would have been an independent appeal pursuant to

Rule 3. *See Whedon v. Whedon*, 68 N.C. App. 191, 196, 314 S.E.2d 794, 797 (1984), *rev'd on other grounds*, 313 N.C. 200, 328 S.E.2d 437 (1985). Rule 3 is jurisdictional and if its requirements are not complied with, the appeal must be dismissed. *Currin-Dillehay Bldg. Supply, Inc. v. Frazier*, 100 N.C. App. 188, 189, 394 S.E.2d 683, *appeal dismissed and disc. rev. denied*, 327 N.C. 633, 399 S.E.2d 326 (1990). Accordingly, defendant's contentions regarding error in the trial court's order will not be addressed by this Court.

For the foregoing reasons, we affirm the decision of the trial court dismissing without prejudice plaintiff's claim against defendant ECU School of Medicine.

Affirmed.

Judges PARKER and WYNN concur.