FRED LEVETTE SLADE AND WIFE, BARBARA J. SLADE, PLAINTIFFS v. C. D.
VERNON, SHERIFF OF ROCKINGHAM COUNTY; JACK KENNETH BRYANT,
CHIEF JAILER OF THE ROCKINGHAM COUNTY JAIL; BEING SUED INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES, DEFENDANTS

No. 9217SC449

(Filed 1 June 1993)

1. **Appeal and Error § 118 (NCI4th)— action against sheriff and jailer — immunity — summary judgment for defendants denied — appealable**

The denial of defendants' motion for summary judgment was immediately appealable where plaintiffs brought an action against the sheriff and the jailer in their official and individual capacities after plaintiff Fred Slade suffered injuries while incarcerated. While the denial of a summary judgment motion usually would not affect a substantial right, an immediate appeal lies where the summary judgment motion is based on a substantial claim of immunity because a valid claim of immunity is in essence immunity from suit and not just a defense in a lawsuit. The immunity would be effectively lost if the case erroneously proceeded to trial.

  ╰╴ **Am Jur 2d, Appeal and Error § 104.**

2. **Sheriffs and Constables § 4 (NCI3d)— sheriff and jailer — action by injured prisoner — immunity**

The trial court correctly denied defendants' motion for summary judgment as to plaintiffs' statutorily based negligence cause of action where plaintiffs allege that defendant prison officials observed plaintiff's bizarre behavior often, that one of the jailers informed them of plaintiff's need for medical attention and additional supervision, and that defendants knew or should have known plaintiff was likely to injure himself but failed to take the necessary steps to ensure plaintiff's safety. Although defendants argue that summary judgment should have been granted as to plaintiffs' negligence claims

because defendants are immune from suit based on sovereign immunity, the General Assembly specifically provided for a cause of action against a sheriff or other officer and their surety with the enactment of N.C.G.S. § 58-76-5. By expressly providing for this cause of action, the General Assembly has abrogated common law immunity where a public official causes injury through "neglect, misconduct, or misbehavior" in the performance of his official duties or under color of his office. N.C.G.S. § 153A-224.

**Am Jur 2d, Sheriffs, Police, and Constables §§ 90, 159.**

3. **Sheriffs and Constables § 4 (NCI3d) — injured prisoner — individual liability of sheriff and jailer — immunity — summary judgment erroneously denied**

The trial court improperly denied defendants' motion for summary judgment as to their individual liability for injuries received by plaintiff Fred Slade as a prisoner. A public official is immune from personal liability for mere negligence in the performance of his duties but is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties. Plaintiffs alleged that defendants were negligent in the course of their duties, then asserted that defendants' actions amounted to malice; however, mere allegations of malice without more are insufficient to overcome a motion for summary judgment.

**Am Jur 2d, Sheriffs, Police and Constables § 159.**

4. **Constitutional Law § 86 (NCI4th) — injured prisoner — 1983 claim — immunity of officials — summary judgment for defendants**

The trial court erred by not granting summary judgment for defendant sheriff and jailer on claims against defendants in their individual capacities under 42 U.S.C. § 1983 where plaintiffs did not allege a violation of any specific constitutional law or right. Qualified immunity protects public officials from personal liability for performing discretionary functions insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. A general allegation of conduct in violation of 42 U.S.C. § 1983 is not sufficient to abrogate qualified immunity. Moreover, plaintiffs may not maintain a suit against defendants in their official capacities for violation of section 1983

SLADE v. VERNON

[110 N.C. App. 422 (1993)]

under these circumstances because the only remedy sought is monetary damages.

**Am Jur 2d, Constitutional Law §§ 391-401.**

Judge GREENE concurring.

Judge WYNN concurs in the result only.

Appeal by defendants from judgment entered 6 February 1992 in Rockingham County Superior Court by Judge W. Steven Allen, Sr. Heard in the Court of Appeals 27 April 1993.

Plaintiffs brought this action against defendants seeking damages for injuries plaintiff Fred L. Slade sustained while incarcerated in the Rockingham County Jail. The forecast of evidence reveals that on 27 January 1988, Mr. Slade was taken to the Rockingham County Jail pursuant to a contempt order. At the time of his incarceration, Mr. Slade was suffering from delirium tremens and was exhibiting bizarre behavior, such that defendants knew or should have known Mr. Slade was likely to harm himself. Specifically, Mr. Slade was talking to non-existent persons, screaming and hollering, warning others to watch out for falling rocks, and climbing the cell bars while screaming that he was trying to protect a child from being hit by a truck.

A deputy and several other jail personnel of the Rockingham County Jail observed Mr. Slade exhibit such abnormal behavior. Based upon his observations, Deputy Foster believed that Mr. Slade would fall from the cell bars and injure himself if he was not given medical treatment and placed in a safe environment. No action was taken by any jail or medical personnel. Mr. Slade did in fact injure himself while incarcerated by falling off the cell bars, fracturing both feet.

Plaintiffs filed suit against defendants, the Sheriff of Rockingham County and the Rockingham County Jailer, both individually and in their official capacities, for various acts of negligence and "malicious actions" resulting in Mr. Slade's injury. Defendants answered plaintiffs' complaint asserting qualified immunity, governmental immunity and public officers' immunity as affirmative defenses.

On 12 April 1991, defendants filed a motion for summary judgment based on the immunity defenses. On 23 January 1992, plain-

tiffs filed a motion to amend their complaint which was granted. On 6 February 1992, after reviewing all matters of record before it, the trial court denied defendants' motion for summary judgment. Defendants appeal the trial court's order denying summary judgment.

*Moses & Moses, by Pinkney J. Moses, for plaintiffs-appellees.*

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr. and Allan R. Gitter, for defendants-appellants.*

WELLS, Judge.

The sole question upon review is whether the trial court erred in denying defendants' summary judgment motion based upon public officers' immunity, governmental immunity and qualified immunity.

[1] We first address the threshold issue of the reviewability of an order denying appellants' summary judgment motion. Generally, the denial of a motion for summary judgment is not appealable as an interlocutory order unless such order would deprive the appellant of a substantial right which would be lost if not reviewed prior to final judgment. *See* N.C. Gen. Stat. § 1-277; *Pruitt v. Williams,* 288 N.C. 368, 218 S.E.2d 348 (1975). Usually the denial of a summary judgment motion would not affect a substantial right; however, where the summary judgment motion is based on a substantial claim of immunity, an immediate appeal shall lie. *Herndon v. Barrett,* 101 N.C. App. 636, 400 S.E.2d 767 (1991). The justification for such an exception stems from the nature of the immunity defense. A valid claim of immunity is more than a defense in a lawsuit; it is in essence immunity from suit. Were the case to be erroneously permitted to proceed to trial, immunity would be effectively lost. *Corum v. University of North Carolina,* 97 N.C. App. 527, 389 S.E.2d 596 (1990), *aff'd in part, rev'd in part on other grounds,* 330 N.C. 761, 413 S.E.2d 276 (1992) (*citing Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). In the case *sub judice,* defendants do assert a claim of immunity, and therefore their appeal is properly before this Court.

Plaintiffs have brought suit against defendants in both their official capacity and individually, and defendants assert that immunity bars each of plaintiffs' claims. We therefore shall address each of plaintiffs' claims separately.

I. State Law Claims

A. Official Capacity

[2]   Defendants first argue summary judgment should have been granted as to plaintiffs' negligence claims because defendants, acting in their official capacities as public officers, are immune from suit based on sovereign immunity. It is well established that the State is immune from suit under the doctrine of sovereign immunity, until and unless it consents to be sued. *Jones v. Pitt County Memorial Hospital*, 104 N.C. App. 613, 410 S.E.2d 513 (1991). Sovereign immunity also precludes suit against a county, a governmental agency exercising the police power of the State. Likewise, county employees and county officials engaged in governmental functions are also immune from suit. *Baucom's Nursery Co. v. Mecklenburg Co.*, 89 N.C. App. 542, 366 S.E.2d 558, *disc. rev. denied*, 322 N.C. 834, 371 S.E.2d 274 (1988). It is uncontroverted that defendants are public officials of Rockingham County, and, as such, are entitled to sovereign immunity.

Sovereign immunity is a "common law theory or defense established by [the] Court," to protect the sovereign or the State and its agents from suit. *Corum v. University of North Carolina*, 330 N.C. 761, 413 S.E.2d 276 (1992). Our courts, however, have deferred to the General Assembly to determine those circumstances in which a state or its agents may be sued. For example, under G.S. § 153A-435(a), a county waives its defense of immunity for negligence in the performance of governmental functions to the extent it has purchased liability insurance. *Hare v. Butler*, 99 N.C. App. 693, 394 S.E.2d 231, *rev. denied*, 327 N.C. 634, 399 S.E.2d 121 (1990). The General Assembly, in enacting the Tort Claims Act, G.S. § 143-291 *et seq.*, has also partially waived sovereign immunity of the State for tort claims falling within its purview.

With the enactment of G.S. § 58-76-5 (formerly G.S. § 109-34), the General Assembly specifically provided for a cause of action against a sheriff or other officer and their surety. Pertinent portions of that statute are as follows:

Every person injured by the neglect, misconduct, or misbehavior in office of any . . . sheriff . . . or other officer, may institute a suit or suits against said officer or any of them and their sureties upon their respective bonds for the due performance of their duties in office in the name of the

SLADE v. VERNON

[110 N.C. App. 422 (1993)]

State, without any assignment thereof; . . . and every such officer and the sureties on his official bond shall be liable to the person injured for all acts done by said officer by virtue or under color of his office.

*See Williams v. Adams,* 288 N.C. 501, 219 S.E.2d 198 (1975). This statute allows a plaintiff to maintain suit against a public officer and the surety on his official bond for acts of negligence in performing his official duties. In addition, our appellate courts have traditionally recognized this statutory claim without reaching the question of sovereign immunity. *See Williams, supra; Hayes v. Billings,* 240 N.C. 78, 81 S.E.2d 150 (1954); *Dunn v. Swanson,* 217 N.C. 279, 7 S.E.2d 563 (1940).

Here, plaintiffs allege a statutory-based negligence cause of action against defendants in performing their official duties under G.S. § 153A-224(a). This statute creates an affirmative duty owed by prison officials to inmates in supervising local confinement facilities. G.S. § 153A-224(a) provides as follows:

**Supervision of local confinement facilities.**

(a) No person may be confined in a local confinement facility unless custodial personnel are present and available to provide continuous supervision in order that custody will be secure and that, in event of emergency, such as fire, illness, assaults by other prisoners, or otherwise, the prisoners can be protected. These personnel shall supervise prisoners closely enough to maintain safe custody and control and to be at all times informed of the prisoners' general health and emergency medical needs.

Plaintiffs allege that defendant prison officials observed plaintiff's bizarre behavior often and that one of the jailers informed them of plaintiff's need for medical attention and additional supervision. Plaintiffs also allege that after observing plaintiff's behavior and being informed of his condition, defendants knew or should have known plaintiff was likely to injure himself but failed to take the necessary steps to ensure plaintiff's safety. Plaintiffs' forecast of evidence is sufficient to maintain an action in negligence based on the violation of G.S. § 153A-224(a). The General Assembly specifically allows such a claim based on the negligence of public officers acting in their official capacity under G.S. § 58-76-5. By expressly providing for this cause of action, the General Assembly

has abrogated common law immunity where a public official causes injury through "neglect, misconduct, or misbehavior" in the performance of his official duties or under color of his office. We therefore hold that the trial court's denial of summary judgment as to this issue was proper.

We note that plaintiffs' action in this case was brought against the sheriff and the jailer individually, and their official sureties were not joined as parties. Although courts in our State have held the sureties to be necessary parties in an action under G.S. § 58-76-5, *see Cain v. Corbett*, 235 N.C. 33, 69 S.E.2d 20 (1952), defendants did not raise this argument in their assignments of error and this issue is therefore not before our Court.

## B. Individual Capacity

[3] Defendants next contend that they are immune from suit because as public officers, they cannot be held individually liable for "mere negligence" in the performance of their duties. We agree.

The general rule is that a public official is immune from personal liability for mere negligence in the performance of his duties, but he is not shielded from liability if his alleged actions were corrupt or malicious or if he acted outside and beyond the scope of his duties. *Thompson Cadillac-Oldsmobile, Inc. v. Sink Hope Automobile, Inc.*, 87 N.C. App. 467, 361 S.E.2d 418 (1987), *disc. rev. denied*, 321 N.C. 480, 364 S.E.2d 672 (1988).

Here, plaintiffs have alleged defendants were negligent in their failure to supervise plaintiff in the course of their duties, where defendants knew or should have known plaintiff was likely to injure himself. Plaintiffs also allege defendants breached their duty owed to plaintiff to maintain safe custody and control of him and give him adequate medical attention in violation of G.S. § 153A-224(a). Plaintiffs then assert that defendants' actions amounted to malice and therefore defendants are not shielded from personal liability by public official's immunity. Mere allegations of malice without more are insufficient to overcome a motion for summary judgment. *Nasco Equip. Co. v. Mason*, 291 N.C. 145, 229 S.E.2d 278 (1976). We find the trial court's denial of defendants' summary judgment motion as to this issue to be improper.

SLADE v. VERNON

[110 N.C. App. 422 (1993)]

## II. 42 U.S.C. § 1983 Claims

[4]  As to plaintiffs' constitutional law claims against defendants in their individual capacities, "a [public] official will be personally answerable for damages under section 1983 only where qualified immunity is not available to shield the official from liability for deprivation of federal rights." *Lenzer v. Flaherty,* 106 N.C. App. 496, 418 S.E.2d 276, *disc. rev. denied,* 332 N.C. 345, 421 S.E.2d 348 (1992). In general, qualified immunity protects public officials from personal liability for performing discretionary functions insofar as their conduct does not violate " 'clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Corum,* 330 N.C. 761, 413 S.E.2d 276 (*quoting Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) ). The first inquiry is whether plaintiffs have alleged a violation of a clearly established law of which a reasonable official would have known. Summary judgment must be granted if they have not. *Lopez v. Robinson,* 914 F.2d 486 (4th Cir. 1990). Here, plaintiffs do not allege a violation of any specific constitutional law or right. A general allegation of conduct in violation of 42 U.S.C. § 1983 is not sufficient to abrogate qualified immunity. *Id.* We find that defendants are entitled to summary judgment on this issue. Furthermore, our courts have held that plaintiffs may not maintain a suit against defendants in their official capacities for violation of section 1983 under these circumstances, because the only remedy plaintiffs sought is monetary damages. *Lenzer, supra.* We therefore reverse the denial of summary judgment as to this issue as well.

Affirmed in part, reversed in part.

Judge GREENE concurs in a separate opinion.

Judge WYNN concurs in the result only.

Judge GREENE concurring.

I write separately to emphasize that, except to the extent that defendant Vernon has furnished a bond pursuant to N.C.G.S. § 162-8 (1987), and except to the extent that defendant's conduct violates the provisions of the bond, defendants have full immunity from plaintiffs' claim. *See State ex rel. Williams v. Adams,* 288 N.C. 501, 219 S.E.2d 198 (1975) (N.C.G.S. § 58-76-5 held to enlarge

conditions of bond furnished under N.C.G.S. § 162-8 to include liability for wrongful death of prisoner). Furthermore, because we are treating this action as one on the sheriff's bond, unless the surety on the bond is joined as a party within a reasonable time after remand, the action must be dismissed. *J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 17, 362 S.E.2d 812, 822 (1987).